# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3268

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Arkansas. |
| Ronald Hernandez-Zetino, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 9, 2012
Filed: May 14, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Ronald Hernandez-Zetino appeals the sentence the district court[1] imposed after he pleaded guilty to illegal re-entry after deportation following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court committed procedural error in sentencing Mr. Hernandez-Zetino, and that the sentence is substantively unreasonable.

_____

[1]The Honorable P. K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

Upon careful review, we conclude that the court committed no significant procedural error, see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (sentencing decision is reviewed for abuse of discretion, first ensuring that district court committed no significant procedural error, and then considering substantive reasonableness of sentence; procedural error includes improperly calculating Guidelines range, treating Guidelines as mandatory, failing to consider 18 U.S.C. § 3553(a) factors, selecting sentence based on clearly erroneous facts, or failing to adequately explain chosen sentence), and we find nothing indicating that the sentence--which is at the bottom of the Guidelines range--is substantively unreasonable, see United States v. Peck, 496 F.3d 885, 891 (8th Cir. 2007) (sentence within Guidelines range is cloaked in presumption of reasonableness on appeal; to rebut presumption, defendant must show that district court failed to consider relevant § 3553(a) factor, gave significant weight to improper or irrelevant factor, or committed clear error of judgment in weighing appropriate factors).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, subject to counsel informing Mr. Hernandez-Zetino about the procedures for seeking rehearing and petitioning for a writ of certiorari; and we affirm.

_____